**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRIDIAN RESOURCES, LLC,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>INCO LIMITED, n/k/a VALE CANADA LIMITED,<br><br>　　　　　　　　*Defendants*. | Civil No.: 18-cv-15021 (KSH) (CLW)<br><br><br>**OPINION *FILED UNDER SEAL*** |

**Katharine S. Hayden, U.S.D.J.**

**I.   Introduction**

This matter comes before the Court on the motion brought by plaintiff Viridian Resources LLC ("Viridian") to remand this case to state court (D.E. 94) and on the corresponding request for sanctions brought by defendant Inco Limited n/k/a Vale Canada Limited ("Vale") in opposition to the motion.  Magistrate Judge Cathy L. Waldor issued a report and recommendation on April 27, 2022 (D.E. 113) recommending that the Court grant Viridian's motion to remand and deny Vale's sanctions request.  For the reasons that follow, Judge Waldor's report and recommendation is adopted in part.

**II.   Background**

　　**a.   General Factual and Procedural Background**

In this breach of contract action, Viridian alleges that Vale failed to grant it permission to "phytomine" on certain overseas properties in violation of their "Phytomining Rights Agreement."  (D.E. 11 ¶¶ 1-5.)[1]  Viridian filed suit in Bergen County on April 9, 2018, and Vale

---

[1] The amended complaint alleges that "phytomining" is "the use of specialized plant species to hyperaccumulate and extract from the soil various metals, including nickel, cobalt and the platinum group metals."  (*Id.* ¶ 3.)

1

removed on October 16, 2018, relying on diversity jurisdiction. (D.E. 1 ¶¶ 1, 6.) In its notice of removal, Vale represented that the amount in controversy exceeded $75,000 and there was complete diversity of citizenship because Viridian "is a citizen of the States of its members (New Jersey and Texas), while [Vale] is a citizen of Canada."[2] (*Id.* ¶¶ 2-5.)

Viridian filed an amended complaint (D.E. 11) on December 14, 2018, which Vale moved to dismiss. (D.E. 20.) While the motion was pending, the parties conducted discovery under Judge Waldor's supervision. In the midst of discovery, Viridian informed the Court that it had "recently learned that there is no diversity in this case and therefore no subject matter jurisdiction," and requested leave to file a motion to remand. (D.E. 56.) The Court granted that request and administratively terminated the pending motion to dismiss. (D.E. 57.) Viridian filed its motion to remand (D.E. 58), arguing that complete diversity is lacking because two of its members, Chaya and Eli Passow, are United States citizens domiciled abroad and thus are "stateless."

After the motion was fully briefed, Judge Waldor ordered the parties to "engage in jurisdictional discovery related to" Viridian's remand motion. (D.E. 70.) Upon completion, Judge Waldor terminated the remand motion then pending, and directed the parties to submit a revised motion incorporating the evidence adduced during jurisdictional discovery. (D.E. 89, 91-92.) Viridian filed its revised motion. (D.E. 94.) Vale opposed and also sought attorneys' fees and costs on grounds that the motion was filed in bad faith. (D.E. 97-98.)

---

[2] Vale relied on the allegation in Viridian's complaint that its "two managing members are individuals located in New Jersey and Texas." (D.E. 1, Ex. A ¶ 7.)

### b. Judge Waldor's Report and Recommendation

On April 27, 2022, Judge Waldor issued a report and recommendation (D.E. 113, R&R) in which she recommended that Viridian's remand motion be granted and Vale's sanctions request be denied.

Judge Waldor first recognized that where a limited liability company, like Viridian, has a stateless member, it "cannot sue (or be sued) in federal court based on diversity jurisdiction." (*Id.* at 5 (quoting *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183-84 (3d Cir. 2008)). However, she found that Chaya and Eli Passow had never become Viridian members. Relying on the deposition testimony of Viridian's Rule 30(b)(6) witness, Judge Waldor found that the majority-in-interest of members had not consented to the Passows' admission, as is required by Viridian's governing agreement. Accordingly, she determined that "the Passows' citizenship should not be included in the diversity analysis."[3] (*Id.* at 11.)

Judge Waldor then analyzed whether any other considerations destroy diversity jurisdiction. She explained that while Vale relied on the citizenship of Viridian's *managing members* (*i.e.*, New Jersey and Texas) in its notice of removal (*see* D.E. 1 ¶¶ 2, 4), the citizenship of a limited liability company "is based on that of *all* of its members," not just the managing members. (R&R at 11.) Because the record did not appear to reflect all of Viridian's members or their citizenship at the time of filing and removal, she could not rule out the possibility that one of Viridian's members resided in Canada. Judge Waldor resolved that question in favor of remand and determined that Vale "ha[d] not established complete diversity of citizenship." (*Id.*)

---

[3] Having so concluded, Judge Waldor did not reach Vale's remaining arguments that: (i) the Passows and Viridian failed to take certain prerequisite steps to membership as required under the Regulations; and (ii) even if the Passows had obtained membership status, Viridian failed to establish the Passows' domicile in Israel.

3

Accordingly, she recommended that the Court grant Viridian's remand motion and deny Vale's request for sanctions.

On May 11, 2022, Vale filed timely objections to Judge Waldor's report and recommendation. (D.E. 116, Objections.) While Vale agrees with Judge Waldor's finding that the Passows were not Viridian members at the time of removal, it disagrees with her "*sua sponte*" recommendation that remand is nonetheless appropriate because "Viridian might have had some other foreign member . . . that would defeat diversity." (*Id.* at 14.) It contends that the record contains a membership list, which conclusively demonstrates that there were no foreign members at the time of filing and removal, and that Judge Waldor should have considered this additional evidence to supplement the original jurisdictional allegations in the notice of removal.[4] Viridian has responded to those objections and urges the Court to accept Judge Waldor's "bottom-line recommendation" that the case be remanded and Vale's request for sanctions be denied. (D.E. 118, Response at 15.)

## III. Standard of Review

The district court may refer a dispositive matter, such as a motion to remand, *see In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998), to a magistrate judge "to hear and determine," 28 U.S.C. § 636(b)(1)(A). Following a magistrate judge's issuance of a report and recommendation on the motion, the parties may serve and file objections within 14 days. *See* Fed. R. Civ. P. 72(b)(2).

The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* L. Civ. R. 72.1(c)(2) (district judge "may accept, reject, or modify, in whole or in

---

[4] Vale requested leave to file a reply brief, which the Court granted. (D.E. 120, 121.)

4

part, the findings or recommendations made by the Magistrate Judge," and "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."). The objected portions of a report and recommendation are reviewed *de novo*, *Ionfrida v. Babick*, 541 F. Supp. 3d 516, 519 (D.N.J. 2021) (McNulty, J.), and non-objected portions are reviewed for plain error or manifest injustice, *MaxLite, Inc. v. ATG Elecs., Inc.*, 2018 WL 2192713, *2 (D.N.J. May 14, 2018) (Vazquez, J.).

### IV. Discussion

A case may be removed to federal court only "if the case could have originally been filed there." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015) (citing 28 U.S.C. § 1441(a)). Removal statutes "are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). As the party invoking federal subject matter jurisdiction, the removing party "bears the burden of showing, *at all stages of the litigation*, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (emphasis added); *accord Samuel–Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Vale's jurisdictional allegations are premised solely on diversity. (*See* D.E. 1 ¶¶ 1, 6.) District courts have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Where, as here, a case is removed to federal court on the basis of diversity,

"[d]iversity of citizenship must have existed at the time the complaint was filed and at the time of removal." *U.S. Bank, N.A. v. Verity*, 2015 WL 1469736, at *2 (D.N.J. Mar. 27, 2015) (Falk, M.J.) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)), *report and recommendation adopted*, 2015 WL 1781241 (D.N.J. Apr. 20, 2015) (Martinotti, J.).

### a. The Passows' Membership Status

The issue at the heart of Viridian's remand motion is whether the Passows were members at the time of filing (April 2018) and removal (October 2018). Judge Waldor determined that the record did not "support a finding that Viridian admitted the Passows as members in 2003 or thereafter." (R&R at 11.) Viridian has not timely objected to that finding, and the Court sees no plain error.[5]

In arriving at her recommendation, Judge Waldor properly focused on Viridian's governing agreement—the Amended and Restated Regulations of Viridian Resources, L.L.C., dated June 1, 1998 (the "Regulations"). Section 5.2 of the Regulations provide that additional members may be admitted "[s]ubject to the consent of a Majority Interest of the Members." (D.E. 96-2, Regs § 5.2(c).) Because the Regulations require that "consent" be "in the form of a Notification" (*id.* § 16.4), Judge Waldor turned to the Regulations' definition of "Notification," which provides as follows:

> A writing containing any information required by these Regulations to be communicated to any Person, which may be personally delivered, sent by registered or certified mail, postage prepaid, or sent by facsimile transmission promptly confirmed by mail, to such Person, at the last known address of such Person on the Company records. . . . Any communication containing information sent to any Person other than as required in the foregoing sentences, but which is actually

---

[5] Although Viridian agrees with Judge Waldor's ultimate remand recommendation, it also argues that the Passows were in fact members of Viridian at the time of filing and removal. (Response at 18-21.) However, Viridian did not object to this finding within 14 days which, as explained *supra*, is required under Fed. R. Civ. P. 72(b)(2). Accordingly, the Court need only review that finding for plain error. *See MaxLite, Inc*, 2018 WL 2192713, *2.

6

>received by such Person, shall constitute Notification as of the date of such receipt for all purposes of these Regulations.

(*Id.* § 1.45.)

Judge Waldor then considered the Regulations which entrust "Managing Members" with "full, complete and exclusive power to manage and control the Company, and . . . the authority to take any action they deem to be necessary, convenient or advisable in connection with the management of the Company," subject to certain restrictions. (*Id.* § 11.2.) Those restrictions include the requirement that managing members receive consent from a "Majority-in-Interest of the Members" before using a method other than that set forth in Section 5.2 to add new members, or otherwise "[t]ak[ing] any action in contravention of the[] Regulations or the Articles of Organization." (*Id.* §§ 11.3(d), (l).)

Against that backdrop, Judge Waldor turned to the evidence adduced during jurisdictional discovery. She recognized that Viridian's 30(b)(6) representative Carol Nelkin, her husband, and their son were the company's managing members who controlled the majority of its membership interest at the time the Passows invested in Viridian. (D.E. 94-2, Nelkin Tr. 21:19-25.) She then determined that the record only reflected that the Nelkins consented to the Passows' admission "in the colloquial sense," and not "the sort of consent sufficient to satisfy the requirements of the Regulations." (R&R at 10.) For example, while Carol testified that the majority interest of Viridian members consented to Eli Passow becoming a member in early 2003 "by our actions"—which included "accept[ing] his money and accept[ing] his interest in our books"—she did not believe there was a writing or "any piece of paper" memorializing their consent. (Nelkin Tr. 22:1-23:1.) And while she generally testified to a "vote as the managing members," the record was insufficient to determine whether that vote could constitute a "communication" under the Regulations. (*Id.* 22:13-15.) Because the record did not indicate

7

that there was a "writing" or a "communication" as to the Passows' admission, Judge Waldor found that "consent" had not been given under Section 5.2 of the Regulations. (R&R at 10.) Further, although the Nelkins were empowered to deviate from the Regulations as Viridian's managing members, Judge Waldor recognized that they first "had to give and receive formal consent under the Regulations" pursuant to Sections 11.2 and 11.3, but there was no indication in the record that they did so. (*Id.* at 10-11.)

The Court sees no plain error in Judge Waldor's analysis or conclusion and therefore adopts her determination that the Passows were not Viridian members at the time of filing or removal, rendering their citizenship irrelevant to the jurisdictional analysis.

### b. Citizenship of Other Viridian Members

The Court next turns to Judge Waldor's determination that remand is necessary in light of ambiguities as to the citizenship of Viridian's *other members* at the time of filing and removal. Because Vale has timely objected to this determination, the Court's review is *de novo*.

"[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). As Judge Waldor pointed out (*see* R&R at 10), Vale relied only on the citizenship of Viridian's *two managing members* to establish diversity in its notice of removal—not the citizenship of *all its members*. (*See* D.E. 1 ¶¶ 2, 4.) Accordingly, the Court may lack jurisdiction over this case irrespective of the Passows' membership status, and an analysis of Viridian's other members and their citizenship at the time of filing and removal is necessary. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction."); *see also* 28 U.S.C. § 1447(c) ("If at any time before final

8

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Attached to Viridian's Regulations is a membership list. (*See* Regs, Ex. A.) The membership list reflects that, as of 1998 when the Regulations were drafted, Viridian had 11 members residing in Texas, Virginia, Missouri, and Colorado. Pursuant to Viridian's Regulations, the membership list must be updated "[u]pon admission" of new members (*see id.* § 5.1), and Viridian must keep records of the "date on which each Member became a Member of the Company" (*see id.* § 10.2(a)). The Regulations also provide that the universe of potential Viridian members is limited to its investors. (*See id.* §§ 1.9, 1.12.)

Based on the motion record before Judge Waldor—which included Viridian's Regulations and the membership list attached as Exhibit A, but *not* a list of investors as of 2018—she reasoned that remand was appropriate because Viridian's membership at the time of filing and removal was unclear. If faced with that record now, the Court would reach the same conclusion.

But the record is not the same. Vale has now submitted additional pertinent documents that Judge Waldor did not have the benefit of considering. *See* Fed. R. Civ. P. 72(b)(3) (when considering magistrate judge's report and recommendation, district court may "receive further evidence"). For example, Vale has provided the Court with Viridian's investor lists which reveal that as of March 2018—one month before this action was filed and seven months before it was removed—Viridian did not have any investors located outside the United States other than the Passows who, as explained *supra*, never became Viridian members. (*See* D.E. 117, Marino Decl. at Ex. A.) Vale has also submitted an email from a Viridian employee confirming that the investor lists remained unchanged through early 2021—more than two years after filing and

9

removal. (*See id.* at Ex. B.) Because, under the Regulations, the universe of potential Viridian members is limited to its investors, the Court is satisfied that diversity existed at the time of filing and removal, and that it has subject matter jurisdiction over this case. In this sole regard, the Court must reject Judge Waldor's report and recommendation.

Urging the Court to find that jurisdiction is lacking, Viridian argues that the investor lists are inconclusive because they include "two entities, including a limited partnership," which "*could* pose potential jurisdictional issues."[6] (Response at 23 (emphasis added).) But the investor lists only contain the universe of *potential* members. Viridian—the entity that presumably has this information at its disposal—has not argued that the two entity-investors are foreign citizens for diversity purposes, let alone that they ever became members pursuant to the Regulations. And despite months of jurisdictional discovery, the Court sees no evidence in the record which would support either argument. The burden of proof does not shift to Viridian when the Court observes, as it must, that a line need be drawn at hypothetical bars to jurisdiction. Vale has shouldered its burden to the Court's satisfaction, and Viridian's motion to remand is therefore denied. It is time for this matter, which was filed more than four years ago, to proceed in this Court on its merits.

    **c. Imposition of Sanctions**

The Court briefly turns to Vale's request for attorneys' fees and costs, which Judge Waldor rejected. Because Vale timely objected, the Court will review the issue *de novo*.

The Court has the discretion to award fees and costs under its inherent authority or 28 U.S.C. § 1927. *See Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 533 F. App'x 132,

---

[6] The investor lists indicate that the entities—Bianco Ltd. and Telemark Seed Fund, LP—have addresses in Texas and New York, respectively. (*See* Marino Decl. at Ex. A.)

10

134 (3d Cir. 2013); *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002). However, sanctions are to only be imposed "sparingly." *Fonti v. Health Pros. & Allied Emps., AFT/AFL-CIO*, 2018 WL 6787482, at *4 (D.N.J. Dec. 26, 2018) (Salas, J.). Accordingly, before it can impose monetary sanctions under Section 1927 or its inherent authority, the Court must "find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015) (internal citations and quotations omitted); *accord Hillburn v. Bayonne Parking Auth.*, 562 F. App'x 82, 86 (3d Cir. 2014) (award of sanctions is warranted "when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons'") (quoting *Prudential Ins. Co.,* 278 F.3d at 189).

Here, Viridian's motion to remand was far from unreasonable or vexatious. Viridian filed its motion because it believed the Passows were members at the time of filing and removal—an issue that was the subject of months-long jurisdictional discovery and required a detailed analysis of corporate deposition testimony and governing documents by Judge Waldor, and which remains sharply disputed by the parties. Against that backdrop, it cannot be said that the motion was filed in bad faith. *See Sun Chem. Corp. v. Fike Corp.*, 2018 WL 3492143, at *5 (D.N.J. July 20, 2018) (Vazquez, J.) (court declined to impose sanctions where counsel's allegations had support in record); *cf. Murphy v. Hous. Auth. & Urb. Redevelopment Agency of City of Atl. City*, 158 F. Supp. 2d 438, 450 (D.N.J. 2001) (Orlofsky, J.) (sanctions warranted given "paucity, indeed, the dearth, of any evidence whatsoever in the summary judgment record supporting Plaintiff's claims"). Furthermore, that Vale has prevailed on the remand motion does not serve as a viable basis for sanctions, either under Section 1927 or otherwise. *See Williams v.*

11

*Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1193 (3d Cir. 1989) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a [party] did not ultimately prevail, his action must have been unreasonable or without foundation.") (internal citations and quotations omitted); *see also Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) (warning that Fed. R. Civ. P. 11 "must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute").

Accordingly, as Judge Waldor rightly determined, sanctions are not warranted and Vale's request must be denied.

**V.    Conclusion**

For the foregoing reasons, the report and recommendation (D.E. 113) is adopted insofar as Judge Waldor found that: (i) the Passows were not Viridian members at the time of filing and removal, rendering their citizenship status irrelevant for jurisdictional purposes; and (ii) the imposition of fees and costs against Viridian would be inappropriate. However, in light of the complete factual record now before it, the Court must reject Judge Waldor's recommendation that the matter be remanded.

Accordingly, Viridian's motion to remand (D.E. 94) is denied, as is Vale's request for sanctions. An appropriate order will issue.[7]

Date: June 22, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[7] The Court has cited liberally to the parties' motion papers throughout this opinion, many of which were filed under seal. Judge Waldor temporarily sealed her report and recommendation for that reason, and invited the parties to file a formal motion to seal by May 18, 2022. (*See* R&R at 13.) Although they failed to do so, the Court will keep the report and recommendation, this opinion, and the parties' supporting briefing (*see* D.E. 116-17, 120) under temporary seal. The parties shall file a motion to seal *nunc pro tunc* in compliance with L. Civ. R. 5.3 on or before July 13, 2022.