**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRIDIAN RESOURCES, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> INCO LIMITED, n/k/a VALE CANADA LIMITED, <br><br> *Defendants*. | Civil No.: 18-cv-15021 (KSH) (CLW) <br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.     Introduction**

This matter comes before the Court on the motion (D.E. 126) filed by plaintiff Viridian Resources, LLC ("Viridian) seeking reconsideration of the Court's June 22, 2022 decision (D.E. 122, 123) denying its motion for remand. For the reasons set forth below, the motion for reconsideration will be denied.

**II.    Background**

Viridian originally brought this action in Bergen County Superior Court against defendant Inco Limited, n/k/a Vale Canada Limited ("Vale") asserting a breach of contract claim related to the parties' "Phytomining Rights Agreement." (D.E. 1, Ex. A.)[1] After Vale removed the case to this Court on diversity grounds, Viridian filed an amended ten-count complaint asserting contract, quasi-contract, and tort claims. (D.E. 1 ¶ 6; D.E. 11.)

Vale moved to dismiss the amended complaint with prejudice, but that motion was administratively terminated when Viridian sought leave to remand the case back to state court

---

[1] "Phytomining" is "the use of specialized plant species to hyperaccumulate and extract from the soil various metals, including nickel, cobalt and the platinum group metals." (D.E. 11, FAC ¶ 3.)

1

based on its recent discovery that complete diversity was lacking. (D.E. 20, 56-57.) Following several months of jurisdictional discovery under the supervision of Magistrate Judge Waldor, Viridian filed a motion to remand arguing that two of its members, Chaya and Eli Passow, are "stateless" and thus destroy complete diversity.[2] (D.E. 94.)

On April 27, 2022, Judge Waldor issued a report and recommendation in which she recommended that Viridian's remand motion be granted. (D.E. 113, R&R.) Judge Waldor first disagreed with Viridian's argument that the Passows' citizenship destroyed complete diversity. Relying on Viridian's governing documents and the deposition testimony of its Rule 30(b)(6) witness, Judge Waldor found that the Passows had never become members of the limited liability company, rendering their citizenship irrelevant to the diversity analysis. Notwithstanding, Judge Waldor recommended granting Viridian's motion to remand because the record did not reflect all of Viridian's members and their citizenship at the time of filing and removal. Because she could not rule out the possibility that one of Viridian's members was, like Vale, a citizen of Canada, Judge Waldor determined that Vale had not satisfied its burden of demonstrating subject matter jurisdiction.

Vale filed timely objections to Judge Waldor's report and recommendation on May 11, 2022. (D.E. 116). Viridian did not file its own objections and instead opposed Vale's submission on May 25, 2022, urging the Court to accept Judge Waldor's "bottom-line recommendation" that the case be remanded to Bergen County. (D.E. 118 at 5.)

---

[2] Vale opposed and sought attorneys' fees and costs on grounds that Viridian's remand motion was filed in bad faith. (*See* D.E. 97.) Judge Waldor recommended denying Vale's request for sanctions, which the Court adopted. Vale has not renewed its request for sanctions or otherwise sought reconsideration of that portion of the Court's ruling.

On June 22, 2022, the Court issued an opinion adopting in part Judge Waldor's report and recommendation. (D.E. 122, Op.) The Court adopted her determination that the Passows were not members at the time of filing and removal, finding "no plain error in [her] analysis or conclusion." (*See* Op. at 6-8.) The Court then reviewed *de novo* Judge Waldor's second determination that remand was necessary because the citizenship of Viridian's remaining members was ambiguous. Relying on documents that were not included in the record before Judge Waldor—including March 2018 investor lists and an email from a Viridian employee confirming that the investor lists remained unchanged for the next several years—the Court found sufficient evidence of complete diversity at the time of filing and removal, and denied the motion to remand.[3]

Viridian now moves for reconsideration of that ruling (D.E. 126-1, Mov. Br.; D.E. 131-1, Reply Br.), and Vale has opposed (D.E. 130, Opp. Br.).

### III. Standard of Review

Motions for reconsideration are governed by L. Civ. R. 7.1(i), which allows a party to seek reconsideration where it believes the Court has overlooked information or controlling law. To succeed on a motion for reconsideration, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Accordingly, "[r]econsideration is an extraordinary remedy, to be granted

---

[3] After the Court issued its remand opinion, Vale successfully sought leave to renew its motion to dismiss the amended complaint. (*See* D.E. 124, 125.) That renewed motion (D.E. 127) is fully briefed and will be addressed in a separate opinion.

3

sparingly." *Ruales v. Spencer Sav. Bank*, 2023 WL 34808, at *1 (D.N.J. Jan. 4, 2023) (McNulty, J.) (internal citations and quotations omitted).

## IV.  Discussion

Viridian's motion for reconsideration makes two discrete arguments: *first*, the Court should have reviewed *de novo* the entirety of Judge Waldor's report and recommendation; and *second*, the Court erred in applying the legal standards governing a motion to remand.

Beginning with the former argument, Viridian contends that because it "substantially prevail[ed]" before Judge Waldor, it was not required to object to issues Judge Waldor decided in Vale's favor. (*See* Mov. Br. at 3.) It relies on *Marsalis v. Pennsylvania Dep't of Corr.*, 37 F.4th 885 (3d Cir. 2022), which was issued six days before the Court's remand opinion.[4] In *Marsalis*, the defendant filed a federal habeas petition in the Eastern District of Pennsylvania arguing that his state trial counsel was ineffective. The government answered arguing, *inter alia*, that the defendant's ineffective assistance claim was untimely. The magistrate judge recommended dismissal of the defendant's petition but did not reach the government's timeliness argument; instead, she reasoned that the defendant was procedurally barred from raising ineffective assistance because he failed to do so in his state habeas petition. The government did not object to the report and recommendation, and the district court adopted it.

On appeal, the Third Circuit agreed with the district court that the defendant had failed to preserve his ineffective assistance claim, and also held that the defendant's petition was untimely. In so ruling, the Third Circuit rejected the defendant's contention that the government

---

[4] Although Viridian contends that *Marsalis* constitutes an "intervening change" in the law, that is not so because *Marsalis* predates the Court's remand opinion. *Marshack v. Comm'r of Soc. Sec.*, 2021 WL 5923264, at *2 (D.N.J. Dec. 15, 2021) (Shipp, J.) ("Courts have refused to acknowledge law as an 'intervening change' if it could have been raised before the court's final decision."). Notwithstanding, the Court will consider *Marsalis* on its merits.

4

had "forfeited its timeliness argument" on appeal by failing to object to the magistrate judge's report and recommendation, and instead held that "a prevailing party need not object to a magistrate judge's report and recommendation to preserve arguments that the magistrate judge did not address." *Id.* at 888.

*Marsalis* is distinguishable in several respects. As a preliminary matter, *Marsalis* was written in the federal habeas context, which imposes unique procedural requirements that restrict relief. More to the point, *Marsalis* focused on a narrow issue that is not present here: whether a prevailing party's failure to object to unfavorable portions of a magistrate judge's report and recommendation *waives that party's ability to raise the issue on appeal*. Unsurprisingly, all four cases cited in *Marsalis* also focused on that narrow issue—not, as Viridian claims, the district court's standard of review on a magistrate judge's report and recommendation. *See Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 827 (6th Cir. 2019) (in federal habeas case, government did not forfeit right to appeal secondary issues resolved against it by failing to object to magistrate judge's report and recommendation); *United States v. Street*, 917 F.3d 586, 598-99 (7th Cir. 2019) (government did not waive appellate argument that investigatory stop was lawful where it failed to file objections to that portion of the magistrate judge's report and recommendation); *United States v. Willis*, 431 F.3d 709, 713 n. 4 (9th Cir. 2005) ("A party prevailing before a magistrate judge need not object to the magistrate's report and recommendation in order to preserve its right to argue an alternative theory in support of the recommendation on appeal."); *Yeatts v. Angelone*, 166 F.3d 255, 264 n. 5 (4th Cir. 1999) (rejecting petitioner's argument that government had waived argument on appeal, reasoning that "when the state is the prevailing party in a habeas corpus proceeding, it does not waive the right to later raise a procedural bar by failing to object to the recommendation of the magistrate

judge.").

Even if the Court adopted Viridian's broad interpretation of *Marsalis*, the extraordinary relief of reconsideration is not assured. The Third Circuit limited its holding in *Marsalis* to "arguments that the magistrate judge *did not address*," reasoning that "[a] diligent magistrate judge will often recommend ruling for one side based on an issue that cuts to the heart of the case, bypassing backup arguments to focus the district court on the key point." *Marsalis*, 37 F. 4th at 888 (emphasis added). The issue Viridian failed to object to—namely, the Passows' citizenship and Viridian membership at the time of filing and removal—was not a "backup" argument Judge Waldor bypassed. It was the *sole* argument Viridian advanced in seeking remand, and Judge Waldor devoted the bulk of her report and recommendation to it. (*See* R&R at 4-11; *see also* Op. at 6 ("The issue at the heart of Viridian's remand motion is whether the Passows were members at the time of filing (April 2018) and removal (October 2018).").)

Viridian's next argument fares no better. It contends that the Court clearly erred in applying two well-established legal standards—*first*, that as the removing party, Vale bears the burden of establishing jurisdiction; and *second*, that doubts must be resolved in favor of remand. (*See* Mov. Br. at 1, 8-11.) The Court disagrees. Throughout its opinion the Court was explicit that Vale always carried the burden of establishing jurisdiction, and further that ambiguities in the record would result in remand. (*See* Op. at 5 (reciting legal standards); *see also id.* at 10 (finding that Vale had "shouldered its burden to the Court's satisfaction" and rejecting Viridian's attempt to inject potential ambiguities into the diversity analysis, reasoning that "[t]he burden of proof does not shift to Viridian when the Court observes, as it must, that a line need be drawn at hypothetical bars to jurisdiction").) Although Viridian has framed its argument here as challenging a clear error of law, it is really disagreeing with how the Court applied the facts of

6

record to the law.  *See Jones v. Sanko*, 2016 WL 819618, at *3 (D.N.J. Mar. 2, 2016) (Simandle, J.) (finding that "mere disagreement" with court's "reasoning and distillation of the applicable law and facts" does not warrant reconsideration); *accord Leja v. Schmidt Mfg.*, 2008 WL 1995140, at *3 (D.N.J. May 6, 2008) (Debevoise, J.) ("A motion for reconsideration may not be used to 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, J.))).  Reconsideration is not warranted.

**V.      Conclusion**

For the foregoing reasons, Viridian's motion for reconsideration (D.E. 126) is denied. An appropriate order will issue.

Date: March 30, 2023

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.